**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

Case No.  05-34045

SAMUEL RICHARD COURTNEY
d/b/a COURTNEY BUILDERS

        Debtor


**MEMORANDUM ON MOTION OF CREDITORS
FOR PAYMENT OF ADMINISTRATIVE EXPENSE**


**APPEARANCES:**    MOSTOLLER, STULBERG & WHITFIELD
  Ann Mostoller, Esq.
  136 South Illinois Avenue
  Suite 104
  Oak Ridge, Tennessee  37830
  Attorneys for Debtor

  HODGES, DOUGHTY & CARSON, PLLC
  Keith L. Edmiston, Esq.
  Post Office Box 869
  Knoxville, Tennessee  37901-0869
  Attorneys for Creditors, Mims Gordon and Alta Marie Williams

  WADE M. BOSWELL, ESQ.
  Post Office Box 221
  Knoxville, Tennessee  37901
  Attorney for G. Wayne Walls, Chapter 7 Trustee


**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the court upon the Motion of Creditors Mims Gordon and Alta Marie Williams for Payment of Administrative Expense (Motion for Administrative Expense) filed by Mims Gordon and Alta Marie Williams on November 16, 2006.  Ms. Gordon and Ms. Williams seek payment, pursuant to 11 U.S.C.A. §§ 105(a) and 503(b) (West 2004), of attorneys' fees incurred in their prosecution of an adversary proceeding against the Debtor, resulting in the denial of his Chapter 7 discharge.  As the basis for this relief, they argue that they provided a substantial contribution to the estate by uncovering concealed assets and by obtaining the denial of the Debtor's discharge.

G. Wayne Walls, Chapter 7 Trustee, filed the Objection of Trustee to Motion of Creditors Mims Gordon and Alta Marie Williams for Payment of Administrative Expense on December 18, 2006, and the Debtor filed the Objection of Debtor to Motion of Creditors Mims Gordon and Alta Marie Williams for Payment of Administrative Expense on December 21, 2006.  Both the Trustee and the Debtor argue that there is no authorization under the Bankruptcy Code for payment of the attorneys' fees incurred by Ms. Gordon and Ms. Williams as an administrative expense.

A hearing was held on December 21, 2006, at which the parties agreed that the issue before the court was one of law, that an evidentiary hearing was not necessary, and that the issues could be decided on the record and on briefs.  An Order memorializing the results of the hearing was entered on December 27, 2006.

This is a core proceeding.  28 U.S.C.A. § 157(b)(2)(A), (O) (West 2006).

# I

The Debtor filed the Voluntary Petition commencing his Chapter 7 case on July 26, 2005. He listed Ms. Gordon and Ms. Williams as creditors, due to a lawsuit filed by them in the Circuit Court for Anderson County, Tennessee. The basis of the lawsuit was a contract entered into on June 7, 2002, between Ms. Gordon and Ms. Williams and the Debtor, doing business as Courtney Builders, providing for the Debtor to construct a house on their property in Norris, Tennessee, for a purchase price of $189,762.00. In the lawsuit, Ms. Gordon and Ms. Williams contended that the Debtor received funds in excess of the agreed upon purchase price, in multiple installments, which he co-mingled with monies received for other projects, as well as his personal funds. Additionally, the house was to be completed by December 3, 2002, but it had not been completed by March 2003.

Following the Debtor's bankruptcy filing, on October 27, 2005, Ms. Gordon and Ms. Williams filed a Complaint objecting to the Debtor's discharge pursuant to 11 U.S.C.A. § 727(a)(2), (3), (4)(A), (4)(D), and (5) (West 2004) on the grounds that the Debtor improperly transferred money from his business account for personal use, did not keep adequate books and records concerning his financial affairs, did not disclose all of his assets and liabilities and made fraudulent statements in his bankruptcy statements and schedules, failed to comply with requests for documentation by the Chapter 7 Trustee, and failed to satisfactorily explain how he spent the money fraudulently received from his business accounts, including the Plaintiffs' construction funds.[1] The adversary proceeding

---

[1] The adversary proceeding, number 05-3186, also sought a determination that the debt owed to Ms. Gordon and Ms. Williams was nondischargeable pursuant to 11 U.S.C.A. § 523(a)(2), (4), and/or (6) (West 2004), compensatory damages in the amount of no less than $250,000.00 for negligence, intentional misrepresentation, fraud, outrageous conduct, deceit, conversion, breach of contract, and violations of the Tennessee Consumer Protection Act for actions with respect to a contract between the parties for the construction of a house, along with treble damages, punitive
(continued...)

was tried on August 29, 2006, and on September 26, 2006, the court entered a Judgment, accompanied by a Memorandum, denying the Debtor's discharge pursuant to § 727(a)(2)(A) and (4)(A) for fraudulently transferring property within the year preceding his bankruptcy case and for knowingly and fraudulently filing bankruptcy statements and schedules that were materially false and contained numerous omissions and misstatements.

Ms. Gordon and Ms. Williams were represented by Keith L. Edmiston and the law firm of Hodges, Doughty & Carson, PLLC (Hodges Doughty) in Knoxville, Tennessee, in the prosecution of the adversary proceeding against the Debtor. According to records attached to their Motion, Mr. Edmiston and Hodges Doughty billed 84.15 hours from August 18, 2005, through October 27, 2006, on behalf of Ms. Gordon and Ms. Williams, resulting in total fees of $10,602.75, as well as expenses of $726.18. They are requesting, through the Motion for Administrative Expense, payment of these attorneys' fees and expenses as a priority administrative expense claim. The Chapter 7 Trustee and the Debtor oppose this request, arguing that there is no statutory basis under § 503 for allowing Ms. Gordon and Ms. Williams an administrative expense because they have not recovered any property for the benefit of the estate, they have not provided a substantial contribution to the case, and they did not obtain the court's approval prior to proceeding with their adversary proceeding such that their attorneys' fees fall within the scope of § 503(b)(4).

---

[1](...continued)
damages, and attorneys' fees, and allowance of an administrative claim for the attorneys' fees incurred by Ms. Gordon and Ms. Williams. Pursuant to the Pretrial Order entered on April 7, 2006, only the § 727(a) issues were tried, as the court bifurcated the objection to discharge from the request for a determination of dischargeability and other requested relief.

## II

Ms. Gordon and Ms. Williams seek reimbursement of their attorneys' fees and expenses pursuant to 11 U.S.C.A. § 503(b), which provides in material part:

> (b) After notice and a hearing, there shall be allowed administrative expenses . . . including—
>
> . . . .
>
> (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—
>
> . . . .
>
> (B) a creditor that recovers, after the court's approval, for the benefit of the estate any property transferred or concealed by the debtor; [and]
>
> . . . .
>
> (4) reasonable compensation for professional services rendered by an attorney . . . of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney[.]

11 U.S.C.A. § 503(b). A party seeking payment of an administrative expense under § 503(b) must prove by a preponderance of the evidence that it is entitled to such priority treatment. *In re Gurley*, 235 B.R. 626, 631 (Bankr. W.D. Tenn. 1999). Courts have discretion in determining whether to allow administrative expenses under § 503(b). *In re Alumni Hotel Corp.*, 203 B.R. 624, 630 (Bankr. E.D. Mich. 1996).

Subsections (3)(B) and (4) of § 503(b), when read in tandem, allow a creditor to be paid its reasonable attorneys' fees as an administrative expense if it recovers property that the debtor transferred or concealed, as long as prior court approval is given for the action. *In re LaGasse*, 228 B.R. 223, 225 (Bankr. E.D. Ark. 1998). To summarize,

> Section 503(b)(3)(B) requires, first, that the status of the party seeking administrative expense recovery be a creditor of the debtor. Second, the statute requires that the creditor be one, "that recovers . . . any property transferred or concealed by the debtor." Third, the statute commands that the recovery of property transferred or concealed by the debtor be "for the benefit of the estate." The statute also dictates a fourth requirement, court approval.

*In re Blount*, 276 B.R. 753, 758-59 (Bankr. M.D. La. 2002) (footnotes omitted). These sections were intended "to provide a statutory basis for a court to approve actions by a creditor, instead of a trustee, to recover property transferred or concealed by the debtor. The creditor in these cases must be acting for the benefit of the estate as a whole, not just for that creditor individually." *Sanner v. Poli (In re Poli)*, 298 B.R. 557, 568 (Bankr. E.D. Va. 2003).

Citing *In re Zedda*, 169 B.R. 605 (Bankr. E.D. La. 1994), and *In re Antar*, 122 B.R. 788 (Bankr. S.D. Fla. 1990), Ms. Gordon and Ms. Williams urge the court to follow those cases in which the court was not required to grant prior approval for the proposed action in order to allow an administrative expense when the creditor's actions provided a substantial benefit to the bankruptcy estate. The rationale of these cases is that a creditor should be allowed an administrative expense, irrespective of the failure to obtain prior court approval, because "the creditor's work resulted in a substantial benefit to the estate, and the recovery of property," *Zedda*, 169 B.R. at 607, because "[t]o not allow, under the appropriate circumstances, creditors and their counsel to recover fees and costs incurred and paid with relation to this [§ 727] investigation and prosecution of action would have

a chilling effect upon creditor participation within a bankruptcy proceeding." *Antar*, 122 B.R. at 791. *See also Pergament v. Maghazeh Family Trust (In re Maghazeh)*, 315 B.R. 650, 653-54 (Bankr. E.D.N.Y. 2004) (allowing the United States to recover fees incurred in the prosecution of an adversary proceeding commenced by the Chapter 7 trustee to determine the validity and priority of liens, resulting in the discovery of assets likely to produce "more than sufficient funds to pay all creditors of the debtor in full, inclusive of interest.").[2]

The cases relied upon by Ms. Gordon and Ms. Williams, while producing an equitable result, ignore the plain language of the statute, which clearly states that attorneys' fees may be treated as administrative expenses for creditors that recover, after the court's approval, property that the debtor transferred or concealed for the benefit of the estate. *See* 11 U.S.C.A. § 503(b)(3)(B). The Supreme Court "ha[s] stated time and time again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Conn. Nat'l Bank v. Germain*, 112 S. Ct. 1146, 1149 (1992) (quoting *Rubin v. United States*, 101 S. Ct. 698, 701 (1981)). The plain language of § 503(b)(3)(B) requires two things that are not present in this case:

---

[2] In their brief, Ms. Gordon and Ms. Williams ask the court to find that they substantially contributed to the estate, possibly in reference to § 503(b)(3)(D), which allows a creditor to recover administrative expenses for substantial contributions in a Chapter 9 or Chapter 11 case. *See* 11 U.S.C.A. § 503(b)(3)(D). Nevertheless, by the very wording of the statute, this provision is not applicable in Chapter 7 cases and cannot provide a basis for allowing Ms. Gordon and Ms. Williams an administrative claim. *See In re Hackney*, 351 B.R. 179, 201 (Bankr. N.D. Ala. 2006) ("Congress knew how to create a 'substantial contribution' administrative expense for cases it believed were appropriate for that benefit. It did that in section 503(b)(3)(D) for Chapter 9 and Chapter 11 cases. It could have done the same in Chapter 7 cases. It did not."); *Blount*, 276 B.R. at 757 ("[A]s the case is a chapter 7 case, the 'substantial contribution' provision of § 503(b)(3)(D) is inapplicable."); *Alumni Hotel Corp.*, 203 B.R. at 631 ("By its own terms, § 503(b)(3)(D) and (b)(4) apply only in Chapter 9 and Chapter 11 cases.").

7

prior court approval to pursue a recovery action against the Debtor and an action that resulted in the recovery of property that the Debtor transferred or concealed.

Ms. Gordon and Ms. Williams argue that their discovery that the Debtor transferred a 1995 Pontiac Firebird shortly before the petition date provided a substantial benefit to the estate, as did their successful opposition to the Debtor's discharge. While this may be the case, the fact remains that Ms. Gordon and Ms. Williams did not obtain prior approval from the court before commencing their action against the Debtor, nor did this discovery result in any recovery of that property for the benefit of the estate. In fact, in his Brief, the Chapter 7 Trustee states that although he was directed to assets with their assistance "an old 1995 car, potentially non-collectible claims against a spouse or a preference claim, do[es] not reach the category of being substantial contributions." TR. BRIEF, at ¶ 5. Based upon the plain language of the statute, prior court approval is a prerequisite to allowance of an administrative claim under § 503(b)(3)(B). This comports with cases within the Sixth Circuit addressing this same issue in the context of a Chapter 7 case. *See In re S & T Indus., Inc.*, 63 B.R. 656, 657 (Bankr. W.D. Ky. 1986) ("It is well-settled in this jurisdiction that a creditor cannot obtain compensation for attorney fees from the estate under 11 U.S.C. § 503 if that creditor did not first seek and obtain court approval."); *In re Ky. Threaded Prods., Inc.*, 49 B.R. 118, 119 (Bankr. W.D. Ky. 1985) ("It is well settled that pursuant to Section 503(b)(3)(B) and (b)(4), a creditor can be compensated from the estate for attorney fees incurred only after first seeking court

approval for the activity to be conducted.").[3] Furthermore, with respect to the "recovery" aspect of the statute, the court agrees with the following analysis of the requirement:

> [A] denial of discharge action for concealment might give rise to the recovery, by the estate (through the trustee in another proceeding, or even in an action joined with the denial of discharge proceeding), of the property concealed. However, the statutory language does not extend to a situation where the action has ultimately resulted in the estate recovering property (because of the creditor's participation or involvement). The statute is limited to situations wherein the creditor is "a creditor that recovers." The connection must be direct. The creditor must be the recovering party; extension to situations where the creditor's action indirectly or ultimately leads to the recovery of property is contrary to the statute.

*Blount*, 276 B.R. at 763.

Ms. Gordon and Ms. Williams also ask the court to use its equitable powers to award them an administrative expense, arguing that it would be inequitable to allow other creditors to share in the benefit of the denial of the Debtor's discharge and the discovery of concealed or transferred assets and to force them to compete with those creditors for limited funds. They also argue that these actions were duties and obligations of the Chapter 7 Trustee, and had he hired an attorney to perform these same actions, those attorneys' fees would be administrative expenses. Section 105(a) defines the court's equitable powers as follows:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

---

[3] The court also notes that Ms. Gordon and Ms. Williams included within their requested relief in the Complaint commencing the adversary proceeding that they be awarded their reasonable attorneys' fees and costs as an administrative expense under § 503(b)(3) and (4). COMPL. at 9. Without regard to the merits of such a request, they give no explanation, however, why they did not seek approval from the court to proceed as required by § 503(b)(3)(B).

9

11 U.S.C.A. § 105(a). Section 105 provides bankruptcy courts with the ability and "power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." *Casse v. Key Bank Nat'l. Ass'n (In re Casse)*, 198 F.3d 327, 336 (2d Cir. 1999) (citation omitted). Nevertheless, "§ 105(a) is not without limits, may not be used to circumvent the Bankruptcy Code, and does not create a private cause of action unless it is invoked in connection with another section of the Bankruptcy Code." *In re Rose*, 314 B.R. 663, 681 n.11 (Bankr. E.D. Tenn. 2004) (citations omitted).

> The Court's powers under this section are broad but not unlimited. "While the equitable powers emanating from § 105(a) are quite important in the general bankruptcy scheme, and while such powers may encourage courts to be innovative, and even original, these equitable powers are not a license for a court to disregard the clear language and meaning of the bankruptcy statutes and rules."

*Viking Assocs., LLC v. Drewes (In re Olsen)*, 120 F.3d 98, 102 (8th Cir. 1997) (quoting *Official Comm. of Equity Sec. Holders v. Mabey*, 832 F.2d 299, 302 (4th Cir. 1987)). Instead, the court may only use § 105 "in furtherance of the goals of the [Bankruptcy] Code." *Childress v. Middleton Arms, L.P. (In re Middleton Arms, L.P.)*, 934 F.2d 723, 725 (6th Cir. 1991).

As discussed, the Bankruptcy Code expressly provides as a condition precedent to a creditor's recovery under § 503(b)(3)(B) prior court approval and a recovery of property. Neither of these requirements are present here. The court cannot utilize § 105(a) to rewrite the plain language of § 503(b)(3)(B). Those cases awarding administrative expenses despite the wording of the statute did so based upon the premise that sometimes heavy workloads prevented trustees from investigating each and every possible lead and not allowing creditors who "undertake the burden, financially and otherwise, of investigating the financial affairs of the debtor for the purposes of uncovering undisclosed assets as well as prosecuting causes of action which maintain the integrity"

of the court to "recover fees and costs incurred and paid with relation to this investigation and prosecution of action would have a chilling effect upon creditor participation within a bankruptcy proceeding." *Antar*, 122 B.R. at 791. The court disagrees with this premise. As stated, by the *LaGasse* court,

> The Court is not unduly concerned that denial of the fees might discourage lawsuits such as these or cooperation with the trustee to locate assets. In filing an objection to discharge, the creditor receives a specific and measurable benefit by successfully pursuing an objection to discharge, whether or not fees are awarded for pursuing or settling the objection to discharge because the debt becomes collectible after the bankruptcy. Further, cooperation and assistance in discovering assets along with the trustee benefits the creditor by making more assets available for distribution to them.

*LaGasse*, 228 B.R. at 225.

Because the statutory requirements set forth in 11 U.S.C.A. § 503(b)(3)(B) and (4) have not been satisfied, the Motion for Administrative Expense filed by Ms. Gordon and Ms. Williams will be denied.

An order consistent with this Memorandum will be entered.

FILED: February 8, 2007

> BY THE COURT
>
> /s/ RICHARD STAIR, JR.
>
> RICHARD STAIR, JR.
> UNITED STATES BANKRUPTCY JUDGE